**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 2:18-cv-190 |
| v. | : : : : | |
| THE SOUTHARD CORPORATION, | : : : | |
| Defendant. | : : | |

# CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Philip Charvat ("Mr. Charvat") ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, The Southard Corporation ("Southard") ("Defendant") initiated telemarketing calls to a residential telephone number Mr. Charvat had registered on the National Do Not Call Registry for the purposes of advertising their goods and services.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5.      Plaintiff Philip Charvat is a resident of the state of Ohio in this District.

6.      Defendant The Southard Corporation is a corporation organized in Kansas. Southard makes telemarketing calls into this District and transacts business in this District using the business name Renewal by Andersen of Columbus. The Southard Corporation has a registered agent of R. Joe Southard, located at 1222 10th St., Great Bend, KS 67530.

### Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Plaintiff is a resident of this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiff's claims occurred here.

### The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages and injunctive relief. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

14. Southard is a company that sells residential renovation services, including window replacement services.

15. Southard is a dealer for Renewal by Andersen and sells their residential windows. Southard is not registered to do business in Ohio with the Ohio Secretary of State under the name "The Southard Corporation" but does business on Sawmill Road in Dublin, Ohio under the name "Renewal by Andersen."

16. To generate new clients, Southard relies on telemarketing.

3

17. That telemarketing involves "cold calling," which are phone calls placed to individuals that Southard does not have a prior relationship with.

Calls to Mr. Charvat

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Mr. Charvat placed his residential telephone number, (614) 895-XXXX, on the National Do Not Call Registry more than five years prior to the calls at issue.

20. Despite taking the affirmative step of registering his telephone number on the National Do Not Call Registry, Southard placed telemarketing calls to Mr. Charvat on January 25, 26, and 29, 2018.

21. The January 25, 2018 call was made by "Amy" with "Renewal by Andersen."

22. "Amy" attempted to sell Mr. Charvat windows by "Renewal by Andersen" and even explicitly claimed, "We're Renewal by Andersen."

23. "Amy" gave a website of [www.WeLoveOurNewWindows.com](www.WeLoveOurNewWindows.com).

24. That website claims to be "Renewal by Andersen" an "Andersen Company."

25. The January 26, 2018 call was also made by "Amy with Renewal by Andersen."

26. "Amy" then identified her company as the "replacement division of Andersen Windows" to again attempt to sell Mr. Charvat windows.

27. "Amy" then stated that Mr. Charvat's contact information was purchased from "Broadside Media."

28. Broadside Media is an online lead generation company that sells consumer information.

4

29. Mr. Charvat has no prior business relationship with Broadside Media and did not provide his express written consent to it to call him.

30. Mr. Charvat has no prior business relationship with Southard and did not provide his express written consent to it to call him.

31. The Defendant did not have any consent to make any calls to Mr. Charvat's residence.

32. In fact, prior to the filing of this lawsuit, Plaintiff wrote to Andersen Windows asking for any evidence of consent they had to make the calls in order to resolve the consent issue.

33. After Mr. Charvat sent this letter, he got another call on January 29, 2018.

34. This time, the caller was "Gauge from Renewal by Andersen."

35. "Gauge" claimed to be calling from the "Columbus showroom" and attempted to sell Mr. Charvat replacement Andersen windows.

36. In response to Plaintiff's letter, "Renewal by Andersen an Andersen Company" identified Southard as the company that made the disputed calls.  It also alleged that there was a website visit to www.renovationzone.com on January 24, 2018, which authorized the calls by Southard to Mr. Charvat's residence.

37. Having never heard of or visited the renovationzone website, Mr. Charvat then wrote a letter to Southard concerning the calls and this time asked for the IP address and time on January 24, 2018 when the alleged visit had occurred.

38. In response to the subsequent letter, Southard claimed that Mr. Charvat's daughter, Allison Charvat, had visited www.renovationzone.com and entered Mr. Charvat's

5

information (including his telephone number) on the website that led to the calls. It failed to respond to Mr. Charvat's request with the IP address and the time of the alleged visit.

39. This alleged website visit did not occur. Ms. Charvat is an adult who has not lived at her father's address in more than a decade and was not shopping for any residential window replacement during 2018 and did not visit the website.

40. In fact, the information Southard claimed was entered on the website includes an e-mail address that is not believed to exist.

41. Also, the website address www.renovationzone.com is registered to a company in the Cayman Islands called "Uniregistrar Corp.," not Renovationzone.

42. Finally, while that website name is registered, the website itself is inactive and could not have obtained express written consent from anyone on January 24, 2018.

43. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

44. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

45. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

46. The class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States: (a) Defendant and/or a third party acting on its behalf, (b) made two or more non-emergency telephone calls in a twelve-month period advertising its goods or services; (c) to a residential telephone number; (d) that had been listed on the National Do Not Call Registry for at least

6

31 days prior to the first call; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

47. Excluded from the class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. The class as defined above is identifiable through phone records and phone number databases.

49. The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

50. Plaintiff is a member of the class.

51. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendant placed calls without obtaining the recipients' prior express invitation or permission for the call;

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

52. Plaintiff's claims are typical of the claims of class members.

53. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54. The actions of the Defendant are generally applicable to the class as a whole and to Plaintiff.

55. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

56. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

57. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call Provisions

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

60. Moreover, Defendant failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

61. The Defendant's violations were willful and/or knowing.

**Relief Sought**

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers that are on the Do Not Call Registry, pursuant to the TCPA, 47 U.S.C. § 227(c)(5), applicable regulations, and implementing orders;

B.      Because of Defendant's violations of 47 C.F.R. § 64.1200(c), Plaintiff Charvat seeks for himself and the other class members whose telephone numbers were called at least twice within any 12-month period despite being registered with the National Do Not Call Registry, up to $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5);

C.      An award of attorneys' fees and costs to counsel for Plaintiff and the class, as permitted by law;

D.      An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

E.      Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
ted@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*