IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTHARD CORPORATION, *et al.*,<br><br>Defendant. | CASE NO. 2:18-CV-190-MHW<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE CHELSEY M. VASCURA |

**DEFENDANT THE SOUTHARD CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

For its answer to Plaintiff's complaint, Defendant The Southard Corporation ("Southard") states as follows:

**Preliminary Statement**

1.  Southard states that there are no allegations in paragraph 1 to which Southard can respond. To the extent this paragraph makes factual allegations against Southard, Southard denies such allegations.

2.  Southard denies the allegations in paragraph 2.

3.  Southard is without knowledge or information sufficient to form a belief about the truth of the alleged "telemarketing campaigns" referenced in paragraph 3. Southard admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class, but denies that this action is susceptible to class treatment. Southard denies the remaining allegations in paragraph 3.

4.  Southard denies the allegations in paragraph 4.

**Parties**

5. Southard is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. In response to paragraph 6, Southard admits that it is a Kansas corporation with a registered agent of R. Joe Southard, located at 1222 10th St., Great Bend, KS 67530. Southard denies the remaining allegations in paragraph 6.

7. In response to paragraph 7, Southard admits that it operates a business for the retail sale of Renewal by Anderson brand products. Southard denies the remaining allegations in paragraph 7.

8. Southard is without knowledge or information sufficient to form a belief about the truth of Renewal by Andersen's corporate structure referenced in paragraph 8. Southard admits that it conducts business in the State of Ohio. Southard denies the remaining allegations in paragraph 8.

**Jurisdiction & Venue**

9. Southard states that paragraph 9 makes statements of law to which no response is necessary. Further answering, Southard does not contest the Court has subject matter jurisdiction over Plaintiff's TCPA claim.

10. Southard states that paragraph 10 makes statements of law to which no response is necessary. Further answering, Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

**The Telephone Consumer Protection Act**

11. In response to paragraph 11, Southard admits that Congress enacted the Telephone Consumer Protection Act of 1991. Southard is without knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 11.

12. Southard states that paragraph 12 makes statements of law to which no response is necessary. To the extent paragraph 12 makes factual allegations against Southard, Southard denies such allegations.

13. Southard states that paragraph 13 makes statements of law to which no response is necessary. To the extent paragraph 13 makes factual allegations against Southard, Southard denies such allegations.

14. Southard states that paragraph 14 makes statements of law to which no response is necessary. To the extent paragraph 14 makes factual allegations against Southard, Southard denies such allegations.

15. Southard states that paragraph 15 makes statements of law to which no response is necessary. To the extent paragraph 15 makes factual allegations against Southard, Southard denies such allegations.

16. Southard states that paragraph 16 makes statements of law to which no response is necessary. To the extent paragraph 16 makes factual allegations against Southard, Southard denies such allegations.

**Factual Allegations**

17. Southard admits the allegations in paragraph 17.

18. Southard admits that it operates a business for the retail sale of Renewal by Andersen brand products. Southard denies the remaining allegations in paragraph 18.

19. Southard denies the allegations in paragraph 19.

20. Southard denies the allegations in paragraph 20.

Calls to Mr. Charvat

21. Southard states that paragraph 21 makes statements of law to which no response is necessary. To the extent paragraph 21 makes factual allegations against Southard, Southard denies such allegations.

22. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Southard admits it called Plaintiff on January 24 and 25, 2018. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

24. Southard admits it called Plaintiff on January 24, 2018. Southard denies the remaining allegations in paragraph 24.

25. Southard admits it called Plaintiff on January 24, 2018. A transcript of that call is attached hereto as Exhibit A. Southard denies the allegations in paragraph 25 to the extent they conflict with Exhibit A.

26. Southard admits it made a second call to Plaintiff on January 24, 2018. A transcript of that call is attached hereto as Exhibit B. Southard denies the allegations in paragraph 26 to the extent they conflict with Exhibit B.

27. Southard admits "Matt" made the second call on January 24, 2018. A transcript of that call is attached hereto as Exhibit B. Southard denies the remaining allegations in paragraph 27 to the extent they conflict with Exhibit B.

28. Southard admits "Matt" made the second call on January 24, 2018, and that he did so in his capacity as an employee of Southard.

29. Southard admits "Matt" made the second call on January 24, 2018. A transcript of that call is attached hereto as Exhibit B. Southard denies the allegations in paragraph 29 to the extent they conflict with Exhibit B.

30. Southard admits it made a third call to Plaintiff on January 24, 2018, and that the call went unanswered. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

31. Southard denies the allegations in paragraph 31.

32. Southard denies that it lacked an established business relationship ("EBR") with either Plaintiff or Mrs. Charvat. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32.

33. Southard denies the allegations in paragraph 33.

34. Southard admits that it obtained Plaintiff's contact information, which included Plaintiff's prior express written consent to receive calls regarding window replacement services, from Broadside Media Group. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35. Southard admits it called Plaintiff on January 25, 2018.

36. Southard admits it called Plaintiff on January 25, 2018. A transcript of that call is attached hereto as Exhibit C. Southard denies the allegations in paragraph 36 to the extent they conflict with Exhibit C.

37. Southard admits "Amy" called Plaintiff on January 25, 2018.  A transcript of that call is attached hereto as Exhibit C. Southard denies the remaining allegations in paragraph 37 to the extent they conflict with Exhibit C.

38. Southard admits "Amy" called Plaintiff on January 25, 2018, and that she did so in her capacity as an employee of Southard. Southard denies the remaining allegations in paragraph 38.

39. Southard admits "Amy" called Plaintiff on January 25, 2018. A transcript of that call is attached hereto as Exhibit C. Southard denies the allegations in paragraph 39 to the extent they conflict with Exhibit C.

40. Southard admits "Amy" called Plaintiff on January 25, 2018. A transcript of that call is attached hereto as Exhibit C. Southard denies the allegations in paragraph 40 to the extent they conflict with Exhibit C.

41. Southard admits "Amy" called Plaintiff on January 25, 2018. A transcript of that call is attached hereto as Exhibit C. Southard denies the allegations in paragraph 41 to the extent they conflict with Exhibit C.

42. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. Southard denies that it lacked an established business relationship ("EBR") with either Plaintiff or Mrs. Charvat. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43.

44. Southard denies the allegations in paragraph 44.

45. Southard denies the allegations in paragraph 45.

46. Southard admits "Amy" called Plaintiff on January 26, 2018, and that she did so in her capacity as an employee of Southard. Southard denies the remaining allegations in paragraph 46.

47. Southard admits "Amy" called Plaintiff on January 26, 2018. A transcript of that call is attached hereto as Exhibit D. Southard denies the remaining allegations in paragraph 47 to the extent they conflict with Exhibit D.

48. Southard admits "Amy" called Plaintiff on January 26, 2018. A transcript of that call is attached hereto as Exhibit D. Southard denies the allegations in paragraph 48 to the extent they conflict with Exhibit D.

49. Southard admits that "Amy" called Plaintiff on January 26, 2018. A transcript of that call is attached hereto as Exhibit D. Southard denies the allegations in paragraph 49 to the extent they conflict with Exhibit D.

50. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51. Southard admits it made a second call to Plaintiff on January 26, 2018, and that the call went unanswered.

52. Southard admits Plaintiff wrote a letter to Andersen Windows dated January 27, 2018. A copy of the letter is attached hereto as Exhibit E. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 52.

53. Southard admits it called Plaintiff on January 29, 2018. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 53.

54. Southard admits it called Plaintiff on January 29, 2018. A transcript of that call is attached hereto as Exhibit F. Southard denies the allegations in paragraph 54 to the extent they conflict with Exhibit F.

55. Southard admits it called Plaintiff on January 29, 2018. A transcript of that call is attached hereto as Exhibit F. Southard denies the allegations in paragraph 55 to the extent they conflict with Exhibit F.

56. Southard admits Renewal by Anderson sent a letter to Plaintiff. A copy of the letter is attached hereto as Exhibit G. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56.

57. Southard admits it received a letter from Plaintiff. A copy of the letter is attached as Exhibit H. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57.

58. Southard admits counsel sent a letter to Plaintiff, which speaks for itself. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58.

59. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60. Southard states that Plaintiff, or someone working on his behalf, provided express written consent to contact Plaintiff. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60.

61. Southard denies the allegations in paragraph 61.

62. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65. Southard denies the allegations in paragraph 65.

66. Southard denies the allegations in paragraph 66.

67. Southard denies the allegations in paragraph 67.

68. Southard denies the allegations in paragraph 68.

69. Southard admits Plaintiff wrote a letter to Anderson Windows. A copy of that letter is attached hereto as Exhibit E. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69.

70. Southard admits Renewal by Anderson wrote a letter to Plaintiff. A copy of that letter is attached hereto as Exhibit G. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70.

71. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72. Southard denies the allegations in paragraph 72.

73. Southard denies the allegations in paragraph 73.

**Renewal by Andersen**

74. In response to paragraph 74, Southard admits that the Federal Communications Commission ("FCC") promulgates rules and orders related to enforcement of the TCPA.

75. Southard states that paragraph 75 makes statements of law to which no response is necessary. To the extent paragraph 75 makes factual allegations against Southard, Southard denies such allegations.

76. Southard states that paragraph 76 makes statements of law to which no response is necessary. To the extent paragraph 76 makes factual allegations against Southard, Southard denies such allegations.

77. Southard states that paragraph 77 makes statements of law to which no response is necessary. To the extent paragraph 77 makes factual allegations against Southard, Southard denies such allegations.

78. Southard states that paragraph 78 makes statements of law to which no response is necessary. To the extent paragraph 78 makes factual allegations against Southard, Southard denies such allegations.

79. Southard admits that it operates a business for the retail sale of Renewal by Anderson brand products. Southard denies the remaining allegations in paragraph 79.

80. Southard admits that it operates a business for the retail sale of Renewal by Anderson brand products. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80.

81. In response to paragraph 81, Southard admits that it was authorized by Renewal by Andersen to use the trade name "Renewal by Andersen of Columbus." Southard denies the remaining allegations in paragraph 81.

82. Southard admits it called Plaintiff. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 82.

83. Southard admits it called Plaintiff. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83.

84. Southard admits that it provided Plaintiff with a website address. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations

in paragraph 84.

85. In response to paragraph 85, Southard admits that it sells Renewal by Andersen brand products and uses the trade name "Renewal by Andersen of Columbus." Southard denies the remaining allegations in paragraph 85.

86. Southard denies the allegations in paragraph 86.

87. Southard denies the allegations in paragraph 87.

88. Southard admits that Andersen had a contract with Broadside Media Group. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88.

89. Southard admits it did not have a contract with Broadside Media Group. Southard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89.

90. Southard denies the allegations in paragraph 90.

91. Southard denies the allegations in paragraph 91.

92. Southard denies the allegations in paragraph 92.

93. Southard denies the allegations in paragraph 93.

**Class Action Allegations**

94. Southard states that paragraph 94 makes statements of law to which no response is necessary. To the extent paragraph 94 makes factual allegations against Southard, Southard denies such allegations.

95. In response to paragraph 95, Southard admits that Plaintiff purports to represent a class of persons. Southard denies the remaining allegations in paragraph 95.

96. In response to paragraph 96, Southard admits that Plaintiff purports to represent a class of persons. Southard denies the remaining allegations in paragraph 96.

97. Southard denies the allegations in paragraph 97.

98. Southard denies the allegations in paragraph 98.

99. Southard denies the allegations in paragraph 99.

100. Southard denies the allegations in paragraph 100 and all its subparts.

101. Southard denies the allegations in paragraph 101.

102. Southard denies the allegations in paragraph 102.

103. Southard denies the allegations in paragraph 103.

104. Southard denies the allegations in paragraph 104.

105. Southard denies the allegations in paragraph 105.

106. Southard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call Provisions

107. Southard incorporates each answer above as if fully restated.

108. Southard denies the allegations in paragraph 108.

109. Southard denies the allegations in paragraph 109.

110. Southard denies the allegations in paragraph 110.

111. Southard denies any allegations not expressly admitted herein.

112. Southard denies that Plaintiff's claim is amenable to class treatment, that Plaintiff has suffered any damages, that Plaintiff is entitled to any monetary or injunctive relief, and that Plaintiff is entitled to any Relief Sought in the Wherefore clause and its subparagraphs.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, because Plaintiff's alleged damages were caused by Plaintiff's own actions.

3. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, fraud, and *in pari delicto*.

5. Plaintiff's claims may be barred by the statute of limitation.

6. The Court lacks personal jurisdiction over Defendant with respect to class members who are not Ohio residents.

7. Plaintiff's claims are barred because Southard has established and implemented, with due care, reasonable practices and procedures to effectively prevent against TCPA violations.

8. Plaintiff's claims are barred because Plaintiff, or his representative, gave consent, invitation, and/or permission to receive information from Southard.

9. Plaintiff's claims are barred by the "safe harbor" provisions of the TCPA, and its accompanying regulations. *See, e.g.*, 47 U.S.C. § 227(c)(5); 47 C.F.R. 64.1200(c).

10. Plaintiff's claims fail because an Established Business Relationship (47 C.F.R. 64.1200(f)(12)) existed between Plaintiff and Southard.

11. Southard had prior express written consent to call Plaintiff.

12. The calls to Plaintiff were not Telephone Solicitations under the TCPA.

13. All actions of Southard were reasonable, justified, and in accordance with applicable law.

14. Southard acted at all times in good faith.

15. Southard reserves the right to raise additional affirmative defenses based on discovery in this matter.

WHEREFORE, having answered Plaintiff's complaint, Defendant The Southard Corporation requests that the complaint be dismissed with prejudice, and that The Southard Corporation be awarded its costs and attorney's fees, as well as all other appropriate relief. Southard requests a jury trial as to all claims of the complaint so triable.

Date: December 21, 2018

Respectfully submitted,

*/s/ Rand L. McClellan*
Rand L. McClellan (0079266)
Douglas A. Vonderhaar (0087933)
Katherine R. Johnston (0097829)
Baker & Hostetler LLP
200 Civic Center Drive
Suite 1200
Columbus, Ohio 43215-4138
Telephone:  614-228-1541
Facsimile:  614-462-2616
Email:  rmcclellan@bakerlaw.com
Email:  dvonderhaar@bakerlaw.com
Email:  kjohnston@bakerlaw.com

*Attorneys for Defendant*
*The Southard Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018 a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Rand L. McClellan*
*Attorney for Defendant The Southard Corporation*