IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTHARD CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 2:18-CV-190-MHW<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE CHELSEY M. VASCURA |

## DEFENDANT THE SOUTHARD CORPORATION'S
## <u>MOTION TO COMPEL</u>

Under Federal Rule of Civil Procedure 37, Defendant The Southard Corporation ("Southard") moves for an order compelling Plaintiff Philip J. Charvat to provide complete responses to Southard's Interrogatory Nos. 9, 10, 13, and 19, and Requests for Production Nos. 9 and 16.  As more fully stated in the attached memorandum, these requests seek information about Plaintiff's TCPA litigation activities—information relevant to whether Plaintiff lacks standing to sue Southard and to whether Plaintiff would be an inadequate, atypical, proposed class representative.

Under S.D. Ohio Civ. R. 37.1, Southard certifies that it has exhausted all extrajudicial means for resolving this dispute without Court involvement.  (*See* Meet-and-Confer Correspondence, attached as Exhibits C–E).

4816-8527-5526.5

2

Respectfully submitted,

*/s/ Douglas A. Vonderhaar*
Rand L. McClellan (0079266), Trial Attorney
Douglas A. Vonderhaar (0087933)
Katherine R. Johnston (0097829)
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
rmcclellan@bakerlaw.com
dvonderhaar@bakerlaw.com
kjohnston@bakerlaw.com

*Attorneys for Defendant
The Southard Corporation*

4816-8527-5526.5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTHARD CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 2:18-CV-190-MHW<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE CHELSEY M. VASCURA |

**MEMORANDUM IN SUPPORT OF DEFENDANT THE SOUTHARD CORPORATION'S MOTION TO COMPEL**

**I.      INTRODUCTION AND BACKGROUND**

"Philip Charvat has not been shy in taking on the role of a private attorney general under the Telephone Consumer Protection Act." *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 460 (6th Cir. 2010). He admits that he is a plaintiff in four alleged TCPA class actions currently pending across the country. (*See* Pl.'s First Disc. Resp., attached as Exhibit A.) One federal court referred to his practices and operation as an "enterprise." *Desai v. ADT,* Case No. 11 C 1925, 2012 U.S. Dist. LEXIS 68807, at *6–12 (N.D. Ill. May 11, 2012) (referencing Plaintiff's 99 cases as of that time and concluding that "[t]his seems to have become a bit of an enterprise for Mr. Charvat . . .").

These facts are not mere trivia. They are relevant to whether Plaintiff may lack standing, and whether Plaintiff would be an adequate, typical class representative—and, in turn, whether any future motion for class certification should be denied. That is why, in its discovery requests, Southard sought information about Plaintiff's TCPA litigation activity:[1]

---

[1] Request for Production No. 9 was temporally limited to 4 years, and Interrogatory Nos. 10 and 13 were limited to eight years.

>**Interrogatory No. 9**: Identify every settlement or award, monetary or otherwise, that you have received, [with or]² without filing a lawsuit, Related to any allegation or charge that you made that a Person violated the TCPA or any of its implementing regulations and, for each, Identify the amount of any settlement or award that you received and the Person who paid it. (Southard's First Set of Discovery Requests, attached as Exhibit B, at 9.)
>
>**Interrogatory No. 10:** Identify, on an annual basis, the total amount of money (including wages and payment to you Relating to litigation or threatened litigation) You have received for the past eight years and, for each source of money, identify who paid You the revenue and Your job or title, if any. (*Id.*)
>
>**Interrogatory No. 13:** Identify, on an annual basis, the number of hours in the past eight years that You have spent monitoring Your telephone calls or logs, corresponding with telemarketers, and participating in TCPA lawsuits. (*Id.* at 11.)
>
>**Interrogatory No. 19:** Identify all listservs, websites, internet forums, and other discussion groups, chat rooms, or any other site that you have participated in, viewed, or otherwise accessed since 2014 that refers or relates to the TCPA. (*Id.* at 12.)
>
>**Request for Production No. 9:** For every telephone number Identified in response to Interrogatory No. 11, produce every Document that reflects a Record or log of calls made to and from each number for the last four years. (*Id.* at 15.)
>
>**Request for Production No. 16:** Produce all of Your federal and state tax returns from 2010 to the present. (*Id.* at 17.)

All of this discovery is aimed at determining Plaintiff's financial incentives to solicit or bait telemarketers, and Plaintiff's efforts and means in furtherance of that goal.

Plaintiff, however, refuses to provide answers and responses to these requests. Plaintiff won't even engage in constructive dialogue regarding these topics. Instead, Plaintiff stonewalled, and stated during the meet-and-confer process, that "while being completely irrelevant, the discovery requests are highly burdensome." (Misny's 12/3/2018 Ltr. to Vonderhaar, attached as Exhibit D; *see also* Ex. A at 6–7, 9, 12, 17, 19.) Even after Southard explained its relevance

---

² This revision amends a typo in the Interrogatory. This revision does not affect the analysis because Plaintiff categorically objects to responding to discovery on these topics.

4816-8527-5526.5

position and identified case law[3] and a ruling from this Court supporting production,[4] Plaintiff never refuted it—and never substantiated its burden objection. (*See* Vonderhaar 11/26/2018 Ltr. to Misny, attached as Exhibit C; Vonderhaar 1/7/2019 Email to Misny, attached as Exhibit E.) Instead, Plaintiff directed Southard to a declaration he filed in a separate TCPA lawsuit litigated by the same counsel as here, wherein he noted that "he would need to spend over one hundred hours to respond to the discovery being requested on his status as a so-called 'professional plaintiff.'" (*See* Ex. D at 2.)

While Plaintiff complains discovery is burdensome, he fails to articulate why it is unduly burdensome, which is the relevant standard. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). Moreover, Plaintiff is indeed a "professional" or "advocate" who has a significant financial incentive in his TCPA litigation. That Plaintiff is a "professional" is not pejorative; instead, it means his actions in furtherance of his enterprise subject him, just like any other business, to discovery that many courts, including this one, have deemed relevant to the class certification question. Plaintiff's refusal to provide this discovery is unjustified.

## II. LAW AND ARGUMENT

### A. Southard seeks information relevant to standing and class certification.

Under Rule 26, a party is entitled to information that is relevant to any claim and defense. Fed. R. Civ. P. 26(b)(1). The standing and Rule 23 issues to which the discovery above is aimed are relevant to this putative class action. Southard should be permitted discovery into these issues.

---

[3] The disputed discovery requests are relevant because they go to Plaintiff's status as a professional TCPA plaintiff, which may render him an inadequate or atypical representative of his alleged class. *See, e.g., Stoops v. Wells Fargo Bank*, N.A., 197 F. Supp. 3d 782, 796–806 (W.D. Pa. 2016).

[4] *Johansen v. Modernize, Inc.*, Case No. 2:16-cv-839, 2017 U.S. Dist. LEXIS 37979, at *5 (S.D. Ohio Mar. 15, 2017) (finding that information related to plaintiff's status as a "Professional Plaintiff" could be relevant to his standing to bring a TCPA lawsuit).

4816-8527-5526.5

1. **Standing**

A plaintiff lacks standing without a "legally protected interest" to assert. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 797 (W.D. Pa. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Under the TCPA, that legally protected interest is relief from "the proliferation of intrusive, nuisance [telemarketing] calls to [plaintiffs'] homes." *Id.* (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (internal quotations omitted)). But a plaintiff who wants or tries to be called, perhaps so that he can file an alleged TCPA class action, has no such interest to protect. That plaintiff lacks standing. *See id.* at 796–802.

The *Stoops* plaintiff, for example, made a business out of TCPA litigation: she filed at least eleven TCPA lawsuits, sent more than twenty demand letters to potential TCPA defendants, bought multiple cell phones, and tracked her calls on a log. *Id.* at 788–800. She wanted the calls—if she got enough of them, she "was hopefully going to ask [her] lawyers to do [damages] trebling with knowing and willful" alleged TCPA violations. *Id.* For these reasons and more, the plaintiff lacked both constitutional and prudential standing to sue. *Id.* at 806; *see also Johansen v. Modernize, Inc.*, No., 2017 U.S. Dist. LEXIS 37979, at *5 (S.D. Ohio Mar. 15, 2017) (directing Plaintiff to respond to discovery requests relating to his activities as a potential "Professional Plaintiff").

Similarly, Plaintiff here is a prolific TCPA filer who appears to track all of his calls. It also appears that Plaintiff's practice, upon receiving what might be a telemarketing call, is to inquire about the services or products, and refrain from telling the caller to stop calling, all in the hopes of baiting additional calls. Southard is entitled to know if additional similar facts exist as to Plaintiff. *See Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 664 (6th Cir. 2010) (noting the extremely broad scope of discovery permitted to all parties to "define and clarify" issues for trial). Southard

seeks Plaintiff's call logs and records (Request for Production No. 9), tax returns to gauge Plaintiff's financial interest in potentially generating claims and damages (Request for Production No. 16), pre-litigation TCPA settlements (Interrogatory No. 9), revenue sources (Interrogatory No. 10), time spent on telemarketing calls and TCPA litigation (Interrogatory No. 13), and participation with TCPA listservs/websites (Interrogatory No. 19). This information is relevant to whether Plaintiff lacks a protected interest and standing to sue under the TCPA, and whether he could be an adequate class representative.

### 2.     Class certification

Class certification must be denied if Plaintiff's claims and defenses are not "*typical* of the claims or defenses of the [alleged] class." Fed. R. Civ. P. 23(a)(3) (emphasis added).  So too if Plaintiff will not "fairly and *adequately* protect the interests of the [alleged] class." Fed. R. Civ. P. 23(a)(4) (emphasis added).  A plaintiff who baits defendants into making allegedly TCPA-violating calls is neither typical nor adequate, precluding class certification. *See Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 381–83 (C.D. Cal. 2016).

To manufacture a TCPA case, the *Nghiem* plaintiff signed up for the defendant's mobile alerts because he wanted the defendant to message him. *Id.* at 382.  These actions rendered the plaintiff an inadequate proposed class representative because a class action would have centered on issues and defenses unique to the plaintiff. *Id.* at 382–83.  The defendants would argue that the plaintiff did not suffer an invasion of privacy, for example, and they would launch "attacks on [plaintiff's] character and his motivations for filing and litigating the lawsuit." *Id.* at 383.  The plaintiff also was an atypical putative class representative due to his extensive experience with, and knowledge of, TCPA lawsuits. *Id.* at 381. *See Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2017 U.S. Dist. LEXIS 208878, at *10 (S.D. Ohio Dec. 20, 2017) (Graham, J.) (stating

that plaintiff feigning interest in defendant's services "cast serious doubts" on the plaintiff's ability to serve as an adequate TCPA class representative.)

Plaintiff has similar, if not more extensive, experience and knowledge here. *See Charvat v. EchoStar*, 630 F.3d at 460; *see also* Ex. A at 5–6 (disclosing four pending alleged TCPA class actions in which Charvat proposes to serve as class representative). Moreover, Plaintiff feigns interest in services to solicit additional calls. (*See* Def.'s Mot. for Partial J. on the Pleadings, pp. 13–14, Doc. #36). Plaintiff's call logs and records (Request for Production No. 9), tax returns to gauge Plaintiff's financial interest in potentially generating claims and damages (Request for Production No. 16), pre-litigation TCPA settlements (Interrogatory No. 9), revenue sources (Interrogatory No. 10), time spent on telemarketing calls and TCPA litigation (Interrogatory No. 13), and participation with TCPA listservs/websites (Interrogatory No. 19) are all relevant to this experience and knowledge—and to whether additional facts exist concerning Plaintiff's TCPA tactics, which may be designed to bait calls to trigger the TCPA and/or increase his "damages." This relevant discovery may allow Southard to mount defenses similar to those in *Nghiem*: that Plaintiff is an inadequate and atypical proposed class representative.

**B.     Southard seeks discovery proportional to the needs of the case.**

Plaintiff has not even attempted to meet his burden to show that the discovery sought is unduly burdensome or is otherwise not discoverable under Rule 26(b)(1). *See William Powell Co. v. Nat'l Indem. Co.*, No. 1:14-cv-00807, 2017 U.S. Dist. LEXIS 55148, at *17–18 (S.D. Ohio Apr. 11, 2017). Instead, Plaintiff has blocked any inquiry whatsoever.[5]

The Rule 26(b)(1) factors—importance of the issues at stake, amount in controversy, parties' relative access to relevant information, importance of the discovery in resolving the issues,

---

[5] Southard was willing to work cooperatively with Plaintiff to limit its discovery as appropriate, but it was prevented from doing so by Plaintiff's refusal to articulate the burden or provide any information whatsoever.

and whether the burden or expense of the proposed discovery outweighs its likely benefit—establish that the discovery is proportional to the needs of the case. *See id.* at *17–19. First, the discovery is aimed at important issues of whether Plaintiff lacks standing and whether Plaintiff is an inadequate or atypical putative class representative. If Plaintiff is an inadequate putative class representative, then a class will not be certified. And if Plaintiff lacks standing, then this case will be dismissed entirely. Second, the amount in controversy is significant. Plaintiff alleges that his proposed class members number "at least in the thousands." (Pl.'s First Am. Compl., Doc. # 98, at ¶ 57.) While Southard denies that it violated the TCPA and disputes Plaintiff's class allegations, if a class were certified, then Southard might have to defend against liability to "thousands" of people. Plaintiff also alleges "willful" violations of the TCPA, which provides for statutory damages of $1,500 per call. (Pl.'s First Am. Compl., Doc. # 98, at ¶ 110.) Assuming a class of 2,000 people, and damages for a "willful" violation of the statute, means a minimum of $3 million in damages. That amount dwarfs the cost to Plaintiff of collecting his documents and information about his call logs and records, pre-litigation settlements, revenue sources, and time spent on telemarketing calls and TCPA litigation.

Finally, the requested information is in Plaintiff's possession, and without it, Southard will be hampered in its ability to assert standing and class certification defenses. This requested discovery is proportional to the needs of the case.

**C.     Plaintiff's boilerplate objections do not excuse him from Southard's discovery requests.**

Because Southard has met its burden of establishing that it seeks relevant, proportional documents and information, Plaintiff bears the burden of resisting production of those documents and information. *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11-cv-00247, 2012 U.S. Dist. LEXIS 114025, at *37 (S.D. Ohio Aug. 14, 2012). And Plaintiff cannot meet that burden

9

4816-8527-5526.5

with boilerplate objections that "an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant." *Id.* at *36–37.

Yet boilerplate is all that Plaintiff offers. Plaintiff's objections to Interrogatory Nos. 9, 10, and 13, which seek Plaintiff's pre-litigation TCPA settlements, revenue sources, and time spent on telemarketing calls and TCPA litigation, merely state they are irrelevant, "unduly burdensome," and "not reasonable in terms of temporal scope." (*See* Ex. A at 6–7, 9.) Plaintiff objects to Request for Production No. 16 as irrelevant and unduly burdensome, but likewise fails to expand on its boilerplate objection. (*See* Ex. A at 19.) Plaintiff also objects to Interrogatory No. 19 as irrelevant and unduly burdensome. (*See* Ex. A at 12.) Plaintiff, however, fails to substantiate any of these objections. Instead, he cites to a Northern District of Illinois opinion, *Charvat v. Travel Services*, which does not involve interrogatories or requests for production similar to those at issue in this case, and which predates the recent case law developments in *Stoops* and *Nghiem* by two years. And in *Travel Services*, Mr. Charvat had already produced a majority of the documents that are in dispute here. *See Charvat v. Travel Servs. et al.*, No. 12 C 5746, Doc. 187, at 3 (N.D. Ill. Apr. 21, 2014) (attached as Exhibit F).

In response to Request for Production No. 9, which seeks Plaintiff's call logs and records, Plaintiff adds a bit more boilerplate to his previous objections: that it would be "unduly burdensome to compile all of these records." (Ex. A at 16–17.) Plaintiff does not argue that these documents are not in his custody or control. Fed. R. Civ. P. 34(a)(1). So Plaintiff's objections do not change that Southard seeks relevant, proportional discovery.

**D. Plaintiff's failure to properly respond to discovery requests entitles Southard to reasonable attorney's fees under Fed. R. Civ. P. 26(g).**

Attorneys, or the parties personally, are required "to certify that discovery responses and objections are supported by nonfrivolous argument and are not aimed to harass, cause delay, or

drive up litigation costs." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010); *see also* Fed. R. Civ. P. 26(g)(1). Therefore, Rule 26(g) demands "that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26 advisory committee's notes.

When determining whether a party or an attorney has made a reasonable inquiry, a court applies an objective standard. Fed. R. Civ. P. 26 advisory committee's notes on 1983 amendments; *Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2014 U.S. Dist. LEXIS 90123, at *47 (S.D. Ohio July 1, 2014). If an attorney violates Rule 26(g) without a "substantial justification" the court "must impose an appropriate sanction," which may include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3); *Jones*, 617 F.3d at 854. Rule 26(g) specifically encourages the imposition of sanctions in order to "curb discovery abuse." Fed. R. Civ. P. 26(g) advisory committee's notes on 1983 amendments; *McGuire v. Metro Life Ins. Co.*, No. 12-cv-10797, 2015 U.S. Dist. LEXIS 50697, at *18 (E.D. Mich. Apr. 17, 2015).

Plaintiff lacks any, let alone substantial, justification for his flat refusal to respond to this discovery. Southard specified the reasons it sought the information. Those reasons pertain to the core of this case—class certification—and fundamental issues of standing. Southard identified case law that squarely supports its reasoning. Southard also identified a ruling from this Court, against another prolific TCPA plaintiff (also represented by Mr. Charvat's counsel here), that ordered the plaintiff to respond to virtually identical discovery regarding his TCPA litigation activities. In response, Plaintiff offers only boilerplate—he does not distinguish Southard's authorities or offer any reasoned basis whatsoever for refusal.

Plaintiff lacks substantial justification for his refusal to provide relevant and discoverable

11

information.  Plaintiff's refusal has increased litigation costs and resulted in this motion to compel. Southard, therefore, requests the fees and costs it incurred in having to draft this motion.

### III. CONCLUSION

Plaintiff's TCPA prolific litigation may deprive him of standing and render him an inadequate, atypical putative class representative.  The Court should allow Southard discovery into these defenses, grant its motion to compel, and award fees for this motion.

> Respectfully submitted,
>
> */s/ Douglas A. Vonderhaar*
> Rand L. McClellan (0079266), Trial Attorney
> Douglas A. Vonderhaar (0087933)
> Katherine R. Johnston (0097829)
> Baker & Hostetler LLP
> 200 Civic Center Drive, Suite 1200
> Columbus, Ohio 43215-4138
> Telephone:  (614) 228-1541
> Facsimile:   (614) 462-2616
> rmcclellan@bakerlaw.com
> dvonderhaar@bakerlaw.com
> kjohnston@bakerlaw.com
>
> *Attorneys for Defendant*
> *The Southard Corporation*

4816-8527-5526.5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Ohio through the CM / ECF system, thereby automatically serving all registered parties.

*/s/ Douglas A. Vonderhaar*

*Counsel for Defendant*
*The Southard Corporation*