# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTHARD CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 2:18-CV-190-MHW<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE CHELSEY M. VASCURA |

## **DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF AMENDED CASE SCHEDULE**

### I. INTRODUCTION

Defendants The Southard Corporation and Renewal by Andersen LLC move for a 30-day extension of the rebuttal expert, discovery, and class certification deadlines set forth in the Court's Order Granting Plaintiff's Motion to Extend Deadlines entered on June 17, 2020 (Doc. No. 78) (the "Order"). Plaintiff does not oppose this motion, which seeks to extend all deadlines except for the primary expert disclosure deadline.

Good cause for an extension exists for three reasons: (i) Defendants learned on June 18 that their rebuttal expert was retiring, effective July 1; (ii) Defendants' new rebuttal expert will need time to review and analyze the call data and issues in this case; and (iii) after Plaintiff serves his expert report, Defendant will need time to subpoena, receive, and review records and data from Plaintiff's expert and potentially third-parties on which Plaintiff's expert relies. Defendants cannot provide an expert rebuttal report, which is critical to the class certification issue, under the current deadlines.

Defendants request that the Court extend the discovery and class certification deadlines as well to ensure the parties have sufficient time to address class certification in the wake of adjusting the rebuttal expert deadline. The primary and rebuttal experts' findings will be critical to the class certification question, and so, if the Court extends the rebuttal expert deadline by 30 days, it would be prudent to extend all remaining deadlines by the same amount of time.

There is good cause to grant the requested 30-day extension to the case schedule. A proposed order setting forth the new dates is attached for the convenience of the Court.

## II. STATEMENT OF FACTS

In December 2018, Defendants retained John Taylor, Director of Data Research & Analysis at CompliancePoint, Inc, to review and analyze the call records at issue in this matter. In November and December 2019, Mr. Taylor performed a preliminary analysis of the relevant call records. This preliminary analysis was part of the information sent to Plaintiff on February 7, 2020. (Doc. No. 76, PageID 966).

On June 17, 2020, the Court granted Plaintiff's Motion to Extend Deadlines. (Order, Doc No. 78, PageID 998-99). Under the Order, primary expert reports are due June 30, 2020, and rebuttal expert reports are due by July 17, 2020. (*Id.*) The Court also set new deadlines for discovery (August 3, 2020), Plaintiff's motion for class certification (September 4, 2020), and Defendants' opposition to the motion for class certification (October 16, 2020). (*Id.*)

On Thursday, June 18, 2020, Defendants' counsel Rand McClellan contacted Mr. Taylor to relay the new deadlines and to secure his services for a rebuttal expert report. Later that day, Mr. Taylor informed Defendants' counsel that he is retiring from CompliancePoint, Inc. on July 1, after approximately 18 years of analyzing telephone call data in cases involving the TCPA. Defendants are securing a new rebuttal expert now.

### III. LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). The Court, however, has "broad discretion to modify its own pretrial orders." *Wagner v. Mastiffs*, Case No. 2:08-cv-431, 2011 WL 124226 (S.D. Ohio Jan. 14, 2011). District courts analyze two factors on a motion to amend a scheduling order: "(1) whether the moving party has shown 'good cause,' and (2) whether the modification will cause the opposing party to experience possible prejudice."[1] *Gatza v. DCC Litig. Facility, Inc.*, 717 Fed. App'x 519, 521 (6th Cir. 2017).

The "primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted). To show good cause, the moving party must "demonstrate that he or she diligently attempted to meet the original deadline." *Id.*; *Whatever It Takes v. Capital Core, Inc.*, No. 10-cv-72, 2012 WL 12926043, *2 (S.D. Ohio Jan. 23, 2012) (Watson, J.) ("[T]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."). Courts must also consider potential prejudice to the non-movant. *Schrack v. R+L Carriers, Inc.*, No. 1:10cv603, 2012 WL 441163, *3 (S.D. Ohio June 18, 2012), *report and recommendation adopted*, 2012 WL 966046.

### IV. GOOD CAUSE TO EXTEND THE CASE SCHEDULE EXISTS BECAUSE OF THE UNEXPECTED RETIREMENT OF DEFENDANTS' REBUTTAL EXPERT.

Since June 17, Defendants have diligently attempted to meet the new deadlines under the Court's Order. Indeed, Defendants will be submitting a primary expert report on June 30. But the retirement of Defendants' rebuttal expert was a significant and unforeseen development under which Defendants cannot reasonably be expected to meet the current deadlines. An extension is warranted to allow Defendants to retain a new expert and allow sufficient time for the new rebuttal

---

[1] Plaintiff does not oppose this extension, so the prejudice element will not be addressed.

expert to become familiar with the case, obtain and review the records underlying Plaintiff's forthcoming expert report, and prepare a rebuttal report.

First, less than 24-hours after the Court's Order, Defendants' counsel contacted Mr. Taylor, who then informed Defendants' counsel that he was retiring effective July 1. This was Defendants' first notice that Mr. Taylor was retiring. This development necessitated Defendants to identify and retain a new rebuttal expert to replace Mr. Taylor, who Defendants have used for the last 18 months. Since June 18, Defendants have diligently pursued a replacement expert, soliciting referrals, reviewing curriculum vitae, and interviewing potential experts. By June 25, Defendants were in negotiations with the replacement expert and expect to sign a retainer agreement this week. While diligently pursuing a new rebuttal expert, Defendants also finalized a primary expert report that will be served by the June 30 deadline. Defendants have exercised diligence and endeavored to meet the current deadlines.

Second, prior to drafting a rebuttal expert report, Defendants' new rebuttal expert needs time to get familiarized with this case, Defendants' call records, and Plaintiff's expert report. Seventeen days is not sufficient time to retain an expert, have them learn the case history, evaluate the call data, review and analyze Plaintiff's expert's report, and prepare a rebuttal expert report. Such feat would not be made any easier with the intervening Fourth of July holiday, or the friction caused by the current health crisis.

Third, Defendants will need any data on which Plaintiff's expert relies. This data may be Plaintiff's expert's control, or potentially in the control of a third party. For example, in a similar TCPA class action litigated by both Defendants' counsel and Plaintiff's counsel, the defendant had to subpoena information from both plaintiff's expert and a third-party. *Johansen v. One Planet Ops., Inc.*, Case No. 2:16-cv-121-ALM-EPD (S.D. Ohio). Defendants will need sufficient time to

subpoena Plaintiff's expert (and any third parties that Plaintiff's expert consulted in preparing the report), for the parties to produce the information, and then for Defendants to review and analyze these records.  Assuming a 14-day response time for a Rule 45 subpoena, under the current schedule, Defendant would have only three days to evaluate the records and data and incorporate the analysis into a rebuttal report.  As this Court has implicitly recognized in past orders, 17 days is not enough time to deconstruct a primary expert report and draft a meaningful rebuttal expert report.  Indeed, the Court previously allowed almost twice as much time for a rebuttal report that would be prepared by an expert already familiar with the case history: (i) 28 days (Preliminary Pretrial Order, Doc. No. 14, PageID 57); (ii) 27 days (Order, Doc. No. 42, PageID 436); (iii) 27 days (Order, Doc. No. 66, PageID 816); and (iv) 28 days (Order, Doc. No. 69, PageID 836).  The unforeseen retirement of Defendants' rebuttal expert means that Defendants cannot prepare a rebuttal expert within 17 days.

## V.  CONCLUSION

Good cause exists to extend the rebuttal expert, discovery, and class certification deadlines in the current case schedule by 30 days.  Accordingly, the Court should grant this unopposed motion.

Respectfully submitted,

*/s/ Rand L. McClellan*
Rand L. McClellan (0079266)
Douglas A. Vonderhaar (0087933)
Katherine R. Johnston (0097829)
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
rmcclellan@bakerlaw.com
dvonderhaar@bakerlaw.com
kjohnston@bakerlaw.com

*Attorneys for Defendants*
*The Southard Corporation and*
*Renewal by Andersen LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2020 a copy of Defendants' Unopposed Motion for Extension of the Amended Case Schedule was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Rand L. McClellan*

*Attorney for Defendants*
*The Southard Corporation and*
*Renewal by Andersen LLC*